UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZACHARY A. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:13-CV-1512 (CEJ) |
| | ) |
| TOM VILLMER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the petition of Zachary Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.   Procedural Background

Petitioner is presently incarcerated in the Farmington Correctional Center pursuant to the sentence and judgment of the Circuit Court of Scott County, Missouri. On April 25, 2011, following a bench trial, petitioner was found guilty of one count of the class C felony of possession of child pornography (images) and three counts of the class B felony of possession of child pornography (videos). The trial court sentenced petitioner to concurrent terms of seven years' imprisonment for the class C felony and ten years' imprisonment for each of the class B felonies. Judgment, Resp. Ex. B at 53-55. The judgment was affirmed on appeal. State v. Johnson, 372 S.W.3d 549 (Mo. Ct. App. 2012). Petitioner did not seek post-conviction relief under Missouri law. He timely filed the instant petition on August 5, 2013.

## II. Factual Background

On March 20, 2009, petitioner was staying in a hotel in Columbia, Missouri, with three boys who were attending a basketball championship. Transcript at 63, Resp. Ex. A. One of the boys later reported to his father that he woke up in the early morning to find petitioner rubbing his penis. The father contacted William Cooper, a sergeant with the Missouri Highway Patrol, who interviewed the victim and the two other boys. Id. at 64. The victim told Sgt. Cooper that he woke up at 5:30 in the morning, convinced he was dreaming. Petitioner then offered to continue what he was doing. The victim declined and moved over to the bed his friend was sleeping in. Johnson, 372 S.W.3d at 552. The victim also reported that when he came out of the shower later that morning, petitioner was seated at the desk working on his laptop computer. Transcript at 65. All three boys reported that petitioner had been taking pictures while they were together in the hotel room. Id.

Sergeant Cooper also interviewed the victim's uncle, who had arranged the trip. He stated that he had known petitioner's family for some time. Petitioner told the victim's uncle that he had a photography business and explained that he wanted to take "cameo" photographs of children, which he described as taking pictures of the children without their knowledge but with the consent of their parents. The uncle stated that, in hindsight, his conversation with petitioner was "ominous." Affidavit in support of warrant, Resp. Ex. B at 28.

On March 24, 2009, Cooper obtained a search warrant for petitioner's residence to authorize seizure of any computers, cameras and other devices capable storing, transmitting or receiving electronic data; all images depicting sexual conduct, all images of minors in various states of undress; and items

2

"related to the performance of sexual acts." Id. at 30. Cooper executed the warrant on March 25, 2009. During the search, petitioner admitted that he had computer images of nude boys with erections.

Sergeant Paul Cordia of the Missouri Highway Patrol completed a forensic analysis of the computers seized from petitioner's home. Transcript at 82-83. Cordia testified that he recovered over 500 still photographs and over 20 videos depicting child pornography on one of the computers. Id. at 86. At trial, the prosecutor introduced twenty photographs of children engaged in sexual acts and three videos of pre-pubescent and pubescent males engaged in sexual acts. Johnson, 372 S.W.3d at 553.

Additional facts will be provided as necessary to address petitioner's claims.

### III. Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S.

3

133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

To preserve a claim for relief, "a habeas petitioner must have raised both the factual and legal bases" of his claim to the state court, and afforded that court a fair opportunity to review its merits. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (citations omitted). Where a claim is defaulted, a federal habeas court will consider it only if the petitioner can establish either cause for the default and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. Id. To establish "cause" for the default, a petitioner generally

4

must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis omitted). To establish the "fundamental miscarriage" exception, a petitioner must establish that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

**IV.   Discussion**

**Ground 1: Failure to Suppress Evidence**

Before trial, petitioner filed a motion to suppress all photographs and videos, arguing that Sgt. Cooper's affidavit failed to articulate probable cause for the search. Specifically, he contended that the affidavit did not adequately connect the alleged abuse of the victim to the possession of child pornography. The trial court denied the motion following a hearing. On appeal, the Missouri Court of Appeals rejected petitioner's Fourth Amendment challenge to the admission of the evidence, finding that the search warrant was supported by probable cause and that the trial court did not commit any error in denying petitioner's motion to suppress. Johnson, 372 S.W.3d at 555-56.

In the instant petition, petitioner asserts that the trial court's failure to suppress the still images and videos violated his rights under the Fourth, Fifth, and

5

Sixth Amendments. In the proceedings before the state courts, petitioner challenged the denial of his suppression motion solely on Fourth Amendment grounds. Thus, his claim is procedurally barred to the extent that it is based on the Fifth and Sixth Amendments. Petitioner does not argue, nor would he be able to establish, that his procedural default is excused under the "cause and prejudice" or "fundamental miscarriage" exceptions.

Federal habeas review of petitioner's Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465 (1976). In Stone, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. As explained by the Eighth Circuit:

> a federal habeas court considering a state prisoner's claim alleging a Fourth Amendment violation should abstain from reviewing the state court records to determine if the state's factual findings are fairly supported by the record as a whole . . . Rather, the proper inquiry is whether "the State has provided an opportunity for full and fair litigation" of the claim.

Willett v. Lockhart, 37 F.3d 1265, 1270 (8th Cir. 1994) (*en banc*) (citation omitted). On habeas review, federal courts "are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. at 1273 (emphasis in original). It is indisputable that petitioner was provided an opportunity for full and fair litigation of his claim. Therefore, he is not entitled to federal review of the substance of his claim in Ground 1.

6

### Ground 2: Improper Opinion Testimony

Petitioner challenges the admission of Sgt. Cordia's testimony that the images constituted child pornography, because the witness's opinion was not substantiated by supporting or corroborating evidence. On appeal, petitioner argued only that the trial court improperly admitted Cordia's lay opinion on an ultimate issue reserved for the fact finder.[1] Accordingly, petitioner is procedurally defaulted from asserting any additional claim arising from the admission of Cordia's testimony.

Whether evidence is properly admitted is a question of state law that is not reviewable in a federal habeas proceeding unless a specific constitutional right has been infringed, or the evidence is so prejudicial as to deny due process. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). The federal court must find more than trial error or even plain error to warrant habeas relief on the basis of an evidentiary ruling. McCafferty v. Leapley, 944 F.2d 445, 452 (8th Cir. 1991). "An evidentiary error violates due process rights only when the error complained of is so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." Id. (citations omitted). The admission of Cordia's opinion did not violate petitioner's constitutional rights. Ground 2 does not present a cognizable federal claim.

### Ground 3: The Statute As Applied Is Void For Vagueness

Before trial, defense counsel moved to dismiss the charges against petitioner asserting that the child pornography statute and the definition of child pornography

---

[1] The Court of Appeals determined that, even if the testimony was inadmissible, petitioner could not demonstrate that he was prejudiced because (1) there is a presumption in a court-tried case that the judge is not influenced by inadmissible evidence, and (2) the images themselves were admitted. Johnson, 372 S.W.3d at 556.

found at Mo. Rev. Stat. § 573.010 were unconstitutionally vague. Motion, Resp. Ex. B at 40-45. The trial court denied the motion following a hearing. Petitioner did not appeal the denial of his motion and thus this claim is procedurally defaulted. Once again, petitioner does not argue, nor could he establish, that his procedural default is excused under the "cause and prejudice" or "fundamental miscarriage" exceptions. The claim in Ground 3 is denied.

## IV. Conclusion

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2016.

8